# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ANDREA DANZIGER, DEBORAH
MURPHY, MARK HERZBERG, KENNETH
SKLAW, individually, and on behalf of all
others similarly situated,

    *Plaintiffs*,

    v.

UNITED STATES OF AMERICA,

    *Defendant*.

Case No. 25-1241
(Judge Tapp)

## PLAINTIFFS' RESPONSE TO NOTICE OF INDIRECTLY RELATED CASE

Stephen J. McBrady

***Of Counsel:***
Charles Baek
Sharmistha Das
Kenneth Dintzer
Eric Herendeen
*Crowell & Moring LLP*
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500
SMcBrady@Crowell.com

Joshua Sohn
*Crowell & Moring LLP*
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

***Attorney for Plaintiffs***

Dated: May 1, 2026

Plaintiffs in *Danziger, et al. v. United States*, No. 25-cv-1241-DAT (Fed. Cl.) submit this Response to the Notice of Indirectly Related Case filed by Plaintiffs in *HIAS v. United States*, No. 26-cv-429-MHS (Fed. Cl.) (the "Notice") (ECF No. 21).  The *HIAS* Plaintiffs ask this Court to "transfer . . . for consolidation" or consolidate *HIAS* with *Danziger* for purposes of coordinated discovery.  ECF No. 21 at 1-2.  Plaintiffs respectfully disagree.

Although both cases relate to the Administration's dismantling of USAID, the similarities end there.  *Danziger* involves breach-of-contract claims by individual former USAID contractors whose personal services contracts ("PSCs") were terminated *en masse*, claims cognizable under the Contract Disputes Act ("CDA").  *HIAS*, by contrast, challenges the termination of grants and cooperative agreements under entirely distinct legal frameworks.  Consolidation would introduce inefficiency and delay to the detriment of *Danziger* Plaintiffs, whose case is in a significantly more advanced procedural posture.  *Danziger* Plaintiffs therefore respectfully request that this Court decline to treat the two cases as indirectly related under Rule 40.2(b) of the Rules of the Court of Federal Claims ("RCFC") and reject the request to consolidate for any purpose.

## BACKGROUND

Named Plaintiff Andrea Danziger filed a Class Action Complaint on July 28, 2025, on behalf of herself and all similarly situated contractors whose PSCs with USAID were terminated *en masse* between February and April 2025.  *See generally* ECF No. 1.[1]  On November 18, 2025, Plaintiffs filed a First Amended Complaint adding three Named Plaintiffs and alleging that the Government terminated hundreds of PSCs in bad faith and in abuse of its discretion.  ECF No. 11 at 7-31.  The Government moved to dismiss on December 9, 2025 (ECF No. 15), and this Court denied that motion on April 10, 2026 (ECF No. 20).  The Government filed its Answer on

---

[1] Unless otherwise noted, ECF numbers refer to documents on the *Danziger* docket.

April 24, 2026.  ECF No. 22.  Plaintiffs also have a pending, fully briefed Motion for Class Action Certification.  *See* ECF Nos. 14, 16, 17.

Nearly eight months after *Danziger* was filed*, HIAS* Plaintiffs filed their complaint on March 17, 2026, challenging the Government's termination of their grants and cooperative agreements with USAID and the State Department.  *See generally* Compl., *HIAS v. United States*, No. 26-cv-429-MHS (Fed. Cl. Mar. 17, 2026), ECF No. 1 ("*HIAS* Compl.").  The Government's answer or motion to dismiss in *HIAS* is not due until May 18, 2026.

On April 22, 2026, the *HIAS* Plaintiffs filed the Notice, asserting that the two cases present common issues of fact and that coordination of discovery would significantly promote the efficient administration of justice.  ECF No. 21 at 1.

Under RCFC 40.2(b)(2), cases may be treated as indirectly related only if they "present common issues of fact" *and* "their consolidation for purposes of coordinated discovery can be expected *significantly* to promote the efficient administration of justice."  RCFC 40.2(b)(2) (emphasis added).  For the reasons set forth below, *Danziger* and *HIAS* satisfy neither requirement.[2]

## ARGUMENT

### I.    The legal and factual distinctions between *Danziger* and *HIAS* are substantial.

The two cases do not satisfy the first prong of RCFC 40.2(b)(2).  Although both cases relate to the dismantling of USAID, any factual overlap is far exceeded by the legal and factual distinctions among the allegations, legal theories, and likely discovery needs of each case.

*First*, *Danziger* Plaintiffs allege breach of their PSCs, which are subject to the CDA, arising from the Government's termination for convenience in bad faith or in abuse of discretion.

---

[2] According to the Notice, the Government also does not agree that the cases are indirectly related.  ECF No. 21 at 2 n.1.

*HIAS* Plaintiffs, by contrast, challenge the termination of grants and cooperative agreements governed by distinct statutory and regulatory authorities and administered by grants officers and agreements officers operating under separate procedural and substantive requirements. *See, e.g.*, *HIAS* Compl. ¶¶ 5, 22. These different funding instruments implicate different termination processes, different categories of government personnel, and correspondingly different areas of discovery.

These distinctions give rise to different theories of liability and different damages calculations. *Danziger* Plaintiffs seek breach-of-contract damages—the balance of the value of their PSCs and any unpaid termination costs—under the theory that their contracts were improperly terminated. *See* ECF No. 20 at 4; ECF No. 11 at 32-33 (¶¶ 142-148). By contrast, *HIAS* Plaintiffs' damages depend on the terms of their specific grants and cooperative agreements, the nature of the programs they were implementing, and the costs incurred as a result of termination, an entirely different calculus. *See, e.g.*, *HIAS* Compl. at 55-57, 62, 64, 68, 70 (¶¶ 157, 160, 176, 185, 194, 204). Discovery in each case will accordingly require different facts to prove different legal theories and associated damages.

*Second*, the two cases require different scopes of discovery. *Danziger* Plaintiffs' allegations focus on USAID's termination of PSCs, which are a defined subset of government contracts with nearly identical termination clauses, and Plaintiffs have sought class certification based on that commonality. *See* ECF No. 14. *HIAS* Plaintiffs allege terminations by both USAID and the State Department of a broad array of grants and cooperative agreements, implicating a much wider universe of information. Consolidation would risk dragging *Danziger* Plaintiffs into broader discovery efforts, including distinct discovery targets, and potential discovery disputes bearing little on their PSC-specific claims, and would unnecessarily

complicate the prosecution of the putative class action, including scheduling, negotiation with

Defendant, and preparation for trial.[3]

## II.  Consolidation for the purposes of discovery would not promote efficiency and, instead, risks materially prejudicing *Danziger* Plaintiffs.

The two cases likewise fail the second prong of RCFC 40.2(b)(2). Consolidation would

not significant*y* promote the efficient administration of justice; it would instead introduce undue

delay and prejudice to *Danziger* Plaintiffs.

*First*, the legal and factual distinctions discussed above necessarily implicate distinct

deponents, documents, and information. *Danziger* Plaintiffs' discovery will focus principally on

contract-specific issues: the process by which contracting officers were directed to terminate

PSCs, the authority under which those directions were given, the individualized circumstances of

each PSC contractor, and the reasonableness and lawfulness of the PSC termination decisions.

*HIAS* discovery will center on different processes, events, and personnel, as contracting officers

are generally distinct from grants officers and agreements officers. To the extent that some

background documents overlap, including "the same emails from specific USAID, State

Department, and DOGE custodians; the same agency action memoranda, and the same

termination tranche lists and spreadsheets," ECF No. 21 at 7, such documents can be produced in

both proceedings without consolidation. That limited overlap does not justify consolidating

cases with such divergent discovery needs.

*Second*, the significant procedural gap between the two cases weighs heavily against

consolidation. *Danziger* was filed nearly eight months before *HIAS*. The Motion to Dismiss has

---

[3] Even if the Court were to deny the Motion for Class Action Certification, similar challenges would arise if the *Danziger* Plaintiffs remain co-plaintiffs with claims arising from common questions of law and fact.

been resolved, the Government has answered, and a Joint Preliminary Status Report is due June 12, 2026.  A fully briefed Motion for Class Action Certification is pending.  *See* ECF No. 20 at 2 n.1.  *HIAS*, by contrast, was filed just over one month ago, is not a class action, and the Government has not yet responded to the complaint.  Although *HIAS* Plaintiffs speculate about the timeline for resolving such filings, nobody knows what the Government may file in *HIAS*, or when.  But approximately nine months elapsed between the initial *Danziger* Complaint and resolution of the Government's Motion to Dismiss (and five months from the filing of the First Amended Complaint).  *Danziger* Plaintiffs are ready to commence discovery in earnest. Tethering their case to *HIAS* would delay rather than advance the efficient administration of justice.

Third, consolidation would expose Plaintiffs in each proceeding to delays caused by discovery disputes in the other.  To the extent that there are privilege-related disputes regarding a subset of overlapping documents or deponents, such disputes can be resolved independently through reliance on applicable precedent.

### III.   Relief requested in the Notice.

Given the Notice's filing under Rule 40.2(b) and its focus on discovery-related matters, this Response principally addresses consolidation for purposes of coordinated discovery.  To the extent the request is construed as a Motion to Consolidate under RCFC 42.1, *Danziger* Plaintiffs would welcome the opportunity to address the specific requirements for consolidation and the risk that combining these legally and factually distinct cases would muddy the issues and cause confusion about the distinct analyses governing the terminations in each case.

**CONCLUSION**

For the foregoing reasons, *Danziger* Plaintiffs respectfully request that the Court decline to treat these cases as indirectly related under RCFC 40.2(b) and deny the relief requested in the Notice of Indirectly Related Case filed by the *HIAS* Plaintiffs.

Dated: May 1, 2026

Respectfully Submitted,

*/s/ Stephen J. McBrady*_____
Stephen J. McBrady
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500
SMcBrady@Crowell.com

***Attorney for Plaintiffs***

**Of Counsel:**
Charles Baek
Sharmistha Das
Kenneth Dintzer
Eric Herendeen

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500
SMcBrady@Crowell.com

Joshua Sohn

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

## **CERTIFICATE OF SERVICE**

I certify that on May 1, 2026, a copy of the foregoing Response to Notice of Indirectly Related Cases was filed electronically using the Court's Electronic Case Filing ("ECF") system. I understand that notice of this filing will be served on all parties, including Defendant's Counsel, via the Court's ECF system.

/s/ Stephen J. McBrady
Stephen J. McBrady
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500
SMcBrady@Crowell.com

7